DANIEL A. AND NANCY C. JENKINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jenkins v. Commissioner
Docket No. 10189-81.
United States Tax Court
T.C. Memo 1982-407; 1982 Tax Ct. Memo LEXIS 336; 44 T.C.M. (CCH) 510; T.C.M. (RIA) 82407; July 20, 1982. Daniel A. Jenkins, pro se. Benjamin A. deLuna, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $2,110 in petitioners' Federal income tax for the year 1977 and an addition to tax under section 6651(a)(1) [1] in the amount of $263.06. Several issues have been resolved by *338 agreement of the parties. The issues presented for our decision are: 1. Whether costs of $2,862.36 paid by petitioners in 1977 with respect to construction work on a patio and walk-out deck on their rental house are deductible as repairs or should be capitalized. 2. Whether petitioners are entitled to a depreciation deduction for a fence on their rental property. 3. Whether petitioner Daniel A. Jenkins is entitled to a deduction for the costs of a rental car and meals incurred on a trip to care for his rental property. 4. Whether petitioners are liable for the addition to tax under section 6651(a)(1) for filing a late income tax return for 1977. To facilitate the disposition of the issues herein our findings of fact and opinion will be combined. Some of the facts have been stipulated and are so found. Petitioners resided in Muscat, Oman, with a mailing address of the Department of State Mail Room, Washington, D.C. 20520--Oman 610-217, when their petition was filed in this case. Their joint Federal income tax return for 1977 was received by the Internal Revenue Service Center at Philadelphia on September 18, 1978. On January 5, 1981, respondent mailed a timely *339 statutory notice of deficiency to petitioners. 1. Patio and Walk-Out Deck Expenditures
During 1976 and for the first five months of 1977 the petitioners had a personal residence at 5866 South Ironton Court, Englewood, Colorado. In December 1976, the petitioners contracted with Silver Spruce Construction, Inc. to construct a patio cover with a walk-out deck and stairway plus the addition of a sidewalk on the south side of their residence and the enlargement of the existing patio. The construction cost paid to Silver Spruce was $1,570. When Daniel A. Jenkins (hereinafter referred to individually as the petitioner) took a State Department assignment in the Middle East, his residence was converted to rental property on or about June 1, 1977. Petitioner was notified that the lessees were upset because the patio roof was leaking and causing damage to goods stored in the garage. Petitioner returned to Colorado temporarily from June 24 through 26 and inspected the property. He found that the patio deck was leaking and that the ceiling below it was sagging. Water had also leaked into the garage. Since the petitioner was not satisfied with the construction work performed *340 by Silver Spruce, he entered into an amendment to the original contract on June 26, 1977, in an effort to have the defective work corrected. At that time petitioner gave Larry Rockhold, a friend, a limited power of attorney to look after the rental property. Mr. Rockhold entered into a contract on August 24, 1977, with Conner Construction Company for additional work on the patio and deck. On November 1, 1977, Mr. Rockhold, acting as petitioner's agent, was billed $2,862.36 by Conner Construction for the "patio completion," which consisted, among other things, of (a) removing and reinstalling french doors, (b) finishing the patio soffit, building a redwood deck and installing a handrail, and (c) materials and labor. Petitioner paid Conner Construction $2,862.36 for the work performed. It is often difficult to determine whether particular expenditures are capital items or deductible repairs. Section 1.162-4, Income Tax Regs., provides: The cost of incidental repairs which neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition, may be deducted as an expense, provided the cost of acquisition *341 or production or the gain or loss basis of the taxpayer's plant, equipment, or other property, as the case may be, is not increased by the amount of such expenditures. Repairs in the nature of replacements, to the extent that they arrest deterioration and appreciably prolong the life of the property, shall either be capitalized and depreciated in accordance with section 167 or charged against the depreciation reserve if such an account is kept. This repair - capital expenditure distinction also applies under section 212. Petitioner claims that the expenditures for the work done by Conner Construction Company were merely for repairs to the patio and deck, while respondent contends that they were capital in nature. In making this determination it is necessary to bear in mind the purpose for which the expenditures were made. To repair is to restore to a sound state or to mend, while a replacement connotes a substitution. In our opinion the facts of this case clearly indicate a replacement, alteration or improvement which arrested deterioration and increased the value of petitioner's rental property. The work previously done by Silver Spruce either required completion or replacement. *342 Section 263 and section 1.263(a)-1(a)(1), Income Tax Regs., provide that no deduction is allowable for any amount paid for permanent improvements or betterments made to increase the value of property. In addition, expenditures incurred by a taxpayer resulting from faulty construction and requiring the tearing down and reconstruction of the work already done has been held to be a part of the cost of construction and not currently deductible. Cf. Driscoll v. Commissioner,147 F.2d 493 (5th Cir. 1945). See also Hotel Kingkade v. Commissioner,180 F.2d 310 (10th Cir. 1950), holding that payments for carpets, refrigerators, repairs and similar rehabilitation expenditures to replace a hotel's worn-out equipment were capital outlays. Here a new redwood deck was installed and the ceiling under the deck was removed and replaced. These were definitely capital improvements having useful lives of more than one year. Petitioner was obviously not satisfied with either the quality or the product constructed by Silver Spruce. He chose replacement and rehabilitation at a cost ($2,862.36) substantially greater than its original cost ($1,570). Accordingly, *343 we hold that the construction costs paid to Conner Construction Company are capital expenditures under section 263. [2]
2.Depreciation Deduction for Fence
Prior to converting his residence to rental property the petitioner paid $550 for materials to build a fence on part of the property. He did the work himself. The fence had a useful life of 10 years. On these facts we hold that the petitioner is entitled to the claimed depreciation deduction for the fence in 1977 based on a 10-year useful life. 3. Car Rental and Meals
Petitioner spent $100 to rent a car and $72 for meals for three days in late June 1977 while he was in Denver to take care of his rental property. Based on the evidence submitted, we hold that he has adequately substantiated such expenses and is therefore entitled to the deductions claimed. See sections 1.274-5(c)(2)(iii) and 1.274-5(c)(3)(i) and (ii), Income Tax Regs.
4. Section 6651(a)(1) Addition to Tax
Petitioners' *344 Federal income tax return for 1977 was required by section 6072(a) to be filed on or before April 15, 1978. The return was not received by respondent until September 18, 1978. Petitioner was in a sensitive position and attached to the United States Embassy in Muscat, Oman, during 1978. He had a busy schedule. He was in Oman for about 131 days between January 1, 1978 and September 4, 1978, when he mailed his tax return. The return did not have attached to it a statement showing that the petitioner was eligible for an automatic two-month extension of time to file the 1977 return as a United States citizen residing or traveling outside the United States, as required by section 1.6081-2, Income Tax Regs.
Petitioner claims that he filed applications for extension of time to file his Federal income tax return for 1977, but he did not produce any copies or other documentary evidence showing that he filed such applications. Respondent's records show that no application for extension was ever received or granted. Accordingly, we hold that the petitioner failed to establish that he filed any application for extension of time to file his 1977 return. He has also not proved that his *345 failure to file a timely return was due to reasonable cause. The mere fact that he had a highly sensitive position and was extremely busy during that period does not constitute reasonable cause which obviates the section 6651(a)(1) addition to tax. Dustin v. Commissioner,53 T.C. 491, 507 (1969), affd. 467 F.2d 47 (9th Cir. 1972). To reflect the disposition of the settled issues and our conclusions on the disputed ones, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year 1977, unless otherwise indicated.↩
2. Respondent allowed a depreciation deduction of $715.59 computed on the cost basis of $2,862.36, straight line method, four year life term. The deduction is for the seven months the property was rented during 1977.↩